IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

LEVON VERIAN BUTTS,

*Defendant.*

Criminal Action No. ELH-18-408

**MEMORANDUM**

Defendant Levon Butts, who is self-represented, has filed a Motion for Extension of Time (ECF 171), requesting an additional 90 days to file an "adequate" 28 U.S.C. § 2255 motion.

The Court must underscore that, in general, petitions for relief filed pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year clock is triggered by one of four conditions, whichever occurs last, *id*. § 2255(f)(1)-(4):

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For the purpose of § 2255(f)(1), a judgment of conviction becomes final upon the conclusion of direct review or expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522, 525 (2003). Thus, absent an appeal, a judgment becomes final fourteen days after entry of judgment. *See* Fed. R. App. P. 4(b)(1), (b)(6) (providing that a criminal defendant must notice an appeal within 14 days after the judgment is "entered on the criminal docket"); *accord United States v. Osborne*, 452 F. App'x 294, 295-96 (4th Cir. 2011) (per curiam).

The docket reflects that judgment was entered on October 5, 2020. ECF 149. And, defendant noted an appeal to the Fourth Circuit on October 23, 2020. ECF 151. It appears that the appeal is pending.

The one-year statute of limitations for federal habeas review is subject to equitable tolling, which, in effect, excuses the filing of a tardy habeas petition. *Holland v. Florida*, 560 U.S 631, 649 (2010); *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc). Equitable tolling of a petition for collateral review is available when the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Consistent with this framework, the Fourth Circuit has instructed that equitable tolling is appropriate in those "'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" *Whiteside*, 775 F.3d at 184 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

Mr. Butts has not yet filed a § 2255 motion. In *United States v. Harris*, 304 F. App'x 223 (4th Cir. 2008) (per curiam), the Court said: "Because [petitioner] has not filed a § 2255 motion and his motion for an extension of time to file did not raise any potential grounds for relief, the district court lacked jurisdiction to consider the motion." *See also United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007) (per curiam); *Ramirez v. United States*, 461 F. Supp. 2d 439, 440-41 (E.D. Va. 2006); *see also United States v. Green*, 260 F.3d 78, 82 (2d Cir. 2001). Therefore, I decline to consider the extension request.

In addition, defendant represents that he does not have a copy of his case file, and he states that he made "numerous attempts" to contact his attorney, Christopher J. Purpura, to obtain the file. ECF 171 at 1. He asks the Court to "order his previous attorney to provide him a copy of his case file," so that he may prepare his § 2255 motion. *Id*.

The Clerk of Court has mailed defendant's docket sheet and Plea Agreement to the Warden at defendant's institution. *See* ECF 160 at 1. The Clerk also forwarded defendant's request for a transcript of his sentencing hearing to the court reporter assigned to his case. *Id.* Aside from this motion and previous correspondence from defendant indicating he has been unable to contact his attorney (ECF 159), the Court has no further information as to any documents held by Mr. Purpura, nor as to any interactions between defendant and Mr. Purpura.

Accordingly, the Court will deny this request, without prejudice. However, I ask Mr. Purpura to make reasonable efforts to provide defendant with any requested material, so long as the disclosures are sent to the Warden and do not violate any discovery agreements with the government.

An Order follows.

Date: October 5, 2021                              /s/
                                                          Ellen L. Hollander
                                                          United States District Judge